FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| B.L., a minor, by and through KEVIN LANDDECK, his parent and guardian,<br><br>                Plaintiff,<br><br>                v.<br><br>TONASKET SCHOOL DISTRICT; JAMES CADDY; STEVE McCULLOUGH, in his official capacity; KEVIN TERRIS, in his official capacity; LLOYD CATON, in his official capacity; CATHERINE STANGLAND, in her official capacity; JOYCE FANCHER, in her official capacity; ERNESTO CERRILLO, in his official capacity; JERRY ASMUSSEN, in his official capacity,<br><br>              Defendants. | No. 2:18-CV-00085-SMJ<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendants' Motion for Dismissal under Rule 12(b)(6), ECF No. 6. Kevin Landdeck filed suit on behalf of his minor son, B.L., against Tonasket School District and several district employees or officials alleging violation of the Washington Law Against Discrimination (WLAD), Wash. Rev. Code (RCW) § 49.60 *et seq.*, and Title IX, 20 U.S.C. § 1681, as well as the common law tort of outrage. Because Plaintiff fails to plead facts

ORDER **-** 1

sufficient to support a prima facie case for any of the alleged claims, Plaintiff's complaint is dismissed in full.

## BACKGROUND[1]

During the 2016–2017 school year, B.L. was a student at Tonasket High School, a public education institution within the Tonasket School District. Kevin Landdeck is the parent and guardian of B.L. and was employed by Tonasket School District as the coach of the Tonasket High School boys' basketball team.

On Friday, January 27, 2017, the Tonasket High School basketball team played the Brewster High School basketball team in an away game at Brewster. During the game, Defendant James Caddy cat-called and made belittling remarks towards the Tonasket High School basketball team. Defendant Caddy was a teacher at Tonasket Junior High School. Defendant Caddy referred to B.L. as a "princess" and stated, "fix your hair princess," in reference to the fact that B.L. wore his hair long.

On Saturday, January 28, 2017, Landdeck notified the assistant principal for Tonasket High School, Defendant Kevin Terris, of the occurrence at the Friday

---

[1] When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). This statement of facts reflects that standard by stating as fact the allegations set out in the complaint.

evening game by text message. The District took no action to investigate the complaint.

On Monday, January 30, 2017, Landdeck confronted Defendant Caddy in his classroom. As a result of the confrontation, Landdeck was charged in Okanogan County District Court with harassment and disorderly conduct. He was found not guilty of these offenses following a jury trial in July 2017.

As a result of Defendant Caddy's remarks, B.L. was withdrawn from Tonasket High School.

Plaintiff filed this action in Okanogan County Superior Court on February 21, 2018, and Defendants removed to this Court on March 6, 2018, ECF No. 1. Defendants moved to dismiss the complaint on April 12, 2018, ECF No. 6.

## LEGAL STANDARD

A claim may be dismissed pursuant to Rule 12(b)(6) either for lack of a cognizable legal theory or failure to allege sufficient facts to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

**A.     Plaintiff's complaint does not contain facts sufficient to state a claim for sex discrimination under Title IX.**

B.L. asserts a claim under Title IX, 20 U.S.C. § 1681. Title IX states in relevant part: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Sexual harassment is recognized by Title VII and is therefore considered a form of discrimination under Title IX. *See Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 651 (1999) (citing a Title VII case in the context of a Title IX cause of action).

To establish a Title IX claim on the basis of sexual harassment, a plaintiff must show that (1) the plaintiff was a student at an educational institution receiving federal funds; (2) he or she was subjected to harassment based on his or her sex; (3) the harassment was sufficiently severe or pervasive to create a hostile environment in an educational program or activity; and (4) there is a basis for imputing liability to the institution. *See Jennings v. Univ. of N.C.*, 482 F.3d 686 (4th Cir. 2007); *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 66 (1st Cir. 2002).

ORDER - 4

Harassment reaches the sufficiently severe or pervasive level when it creates an environment that 'a reasonable person would find hostile or abusive' and that the victim [himself] 'subjectively perceives to be abusive.'" *Jennings*, 482 F.3d at 696 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The Court must consider all of the circumstances, including the positions and ages of the harasser and victim, whether the harassment was frequent, severe, humiliating, or physically threatening, and whether it effectively deprived the victim of educational opportunities or benefits. *Id.* (citing *Davis*, 526 U.S. at 650–51). "These standards for judging hostility are sufficiently demanding to ensure that Title IX does not become a general civility code." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminat[ion]." *Id.* (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998)).

Title IX does not create a private right of action against school officials, teachers, and other individuals who are not direct recipients of federal funding. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009). Accordingly, the Title IX claim against the individually named school officials must be dismissed.

As against Tonasket School District, Plaintiff has not properly pled a claim under Title IX because Plaintiff fails to allege harassment that is "so severe,
ORDER - 5

pervasive, and objectively offensive" that it deprived Plaintiff of "access to the educational opportunities or benefits provided by" the school district. *Davis*, 526 U.S. at 650–52. Plaintiff has alleged only one incident of harassment occurring at a basketball game on January 27, 2017, during which Defendant Caddy referred to B.L. as a "princess" and stated, "fix your hair, princess." This isolated incident does not rise to the level of discrimination for the purpose of Title IX discrimination. Moreover, Plaintiff fails to state that B.L. found the incident to be "subjectively . . . abusive." *Harris*, 510 U.S. at 21.

Because Plaintiff's complaint fails to allege facts sufficient to constitute discrimination within the meaning of Title IX, Plaintiff's Title IX claim must be dismissed.

**B.      Plaintiff fails to plead facts sufficient to establish a prima facie case for public accommodation discrimination under the WLAD.**

Plaintiff also asserts a claim under the WLAD. The WLAD prohibits discrimination in places of public accommodation based on sex. To establish a prima facie case for public accommodation discrimination, a plaintiff must show that (1) the plaintiff is a member of a protected class; (2) the defendant is a place of public accommodation; (3) the defendant discriminated against the plaintiff, whether directly or indirectly; and (4) the plaintiff's membership in the protected class was a substantial factor causing the discrimination, RCW § 49.0.030. *State v. Arlene's Flowers, Inc.*, 389 P.3d 543, 551–52 (Wash. 2017).

The analysis with respect to the first and second elements is straightforward. Regarding the first element, B.L. is male and his gender therefore makes him a member of a protected class when the discrimination alleged is based on sex. RCW § 49.60.040(25) (defining "sex" to mean "gender"). As to the second element, the WLAD identifies public schools as places of public accommodation. RCW § 49.60.040(2) (setting out a lengthy list of places of public accommodation including "any public library or educational institution"). Therefore, Tonasket High School is a place of public accommodation.

The third element requires the plaintiff to show "that the defendant discriminated against the plaintiff, whether directly or indirectly." *Arlene's Flowers*, 389 P.3d at 551. Where, as here, the sexual harassment was perpetrated by an employee, the inquiry is multilayered. First, the court must determine whether the acts of an employee are imputable to the entity, and second, the court must determine whether the alleged acts constitute discrimination within the meaning of RCW § 49.60.215.

In *Floeting v. Group Health Cooperative*, 403 P.3d 559 (Wash. Ct. App. 2017), the Washington State Court of Appeals, Division One, considered whether an entity could be liable for the discriminatory acts of its employees if the entity had no prior notice of the acts. The court concluded that the broad purpose of the WLAD favored direct, rather than vicarious, liability for employers. *Id.* at 771.

The court therefore concluded that places of public accommodation are directly liable for the discriminatory acts of their employees regardless of whether they had advance notice of the employee's behavior. *Id.* Here, because Defendant Caddy was an employee of Tonasket School District, both Defendant Caddy and the District are liable for acts of discrimination perpetrated by Defendant Caddy.

Having determined who the statute restricts, the Court must next address what behavior the statute proscribes. The WLAD provides that the

> right to be free from discrimination because of . . . sex . . . is recognized as and declared to be a civil right. This right shall include, but not be limited to:
> . . .
> (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement.

The WLAD goes on to define "full enjoyment" to include

> the right to purchase any service, commodity, or article of personal property offered or sold on, or by, any establishment to the public, and the admission of any person to accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement, *without acts directly or indirectly causing persons of any particular . . . sex, to be treated as not welcome, accepted, desired, or solicited.*

RCW § 49.60.040(14) (emphasis added).

The discriminatory conduct asserted must include both an objective and subjective component. *See Floeting*, 403 P.3d at 567. The conduct alleged "must be of a type, or to a degree, that a reasonable person who is a member of the

ORDER - 8

plaintiff's protected class, under the same circumstances, would feel discriminated against." *Id.* In addition, the plaintiff must establish his or her subjective perception of being discriminated against by the act of sexual harassment. "This is so because the statutory provision granting a cause of action provides that '[a]ny person *deeming himself or herself injured* by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction.'" *Id.* (quoting RCW § 49.60.030(2)).

Under the broad standards of the WLAD, Plaintiff has alleged facts that could constitute discrimination under an objective standard. Plaintiff alleges that Defendant Caddy "catcalled" at the basketball team and shouted "fix your hair, princess" to B.L. ECF No. 1-1 at 5–6. Taking all facts and inferences in B.L.'s favor, it is possible that a person in B.L.'s position could interpret these remarks as sexual harassment based on his perceived failure to conform to gender stereotypes.

However, Plaintiff's complaint contains no mention of B.L.'s subjective experience. The complaint states only that "[a]s a result of Defendant Caddy's remarks, B.L. was withdrawn from Tonasket High School." ECF No. 1-1 at 6. Even if one could infer that withdrawing from the school implied a subjective experience of discrimination during the January 27, 2017 incident involving Defendant Caddy, the action was not clearly B.L.'s decision. The sentence states

that B.L. "was withdrawn"—presumably by his parents. This is not sufficient to satisfy the subjective element of discrimination. Because the subjective element is necessary to trigger the statutory cause of action provided by the WLAD, it cannot be cast aside as a formality. Plaintiff's failure to plead the subjective element of discrimination is therefore fatal to his WLAD claim.

**C.     Plaintiff fails to properly plead a claim for outrage.**

Finally, Plaintiff alleges a claim for the common law tort of outrage. To state a prima facie claim for outrage, the plaintiff must show that (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant intentionally or recklessly caused the plaintiff to suffer emotional distress; and (3) the plaintiff did, in fact, suffer emotional distress. *Kloepfel v. Bokor*, 66 P.3d 630, 632 (Wash. 2003). Leaving aside the question of whether Defendant Caddy's actions were extreme and outrageous, Plaintiff's claim for outrage fails for the same reason as his claim under the WLAD. Namely, the complaint makes no mention of B.L.'s mental or emotional reaction to Defendant Caddy's remarks. Because Plaintiff fails to plead facts to establish a prima facie case, this claim must also be dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Dismissal under Rule 12(b)(6), **ECF No. 6**, is **GRANTED**.

**2.** Plaintiff's complaint is **DISMISSED without prejudice**.

**3.** The Clerk's office is directed to **ENTER JUDGMENT** for the Defendants.

**4.** All parties shall bear their own costs and fees.

**5.** All pending motions are **DENIED AS MOOT**.

**6.** All hearings and other deadlines are **STRICKEN**.

**7.** The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 4th day of June 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge